UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:12-CR-119 JD |
| | ) | |
| CHARLES DOUGLAS | ) | |

## OPINION AND ORDER

Defendant Charles Douglas was convicted for possessing a firearm as a felon. At sentencing, the Court found that Mr. Douglas had four prior convictions for serious drug offenses or violent felonies, so it sentenced Mr. Douglas under the Armed Career Criminal Act, which increases the statutory penalties for this offense for defendants with three or more qualifying convictions. The Supreme Court subsequently struck a portion of the definition of "violent felony" under the Armed Career Criminal Act and made that rule retroactive to cases on collateral review. Mr. Douglas believes that, in light of those holdings, he no longer qualifies as an armed career criminal, so he has filed a motion under § 2255 asking to be resentenced. The Court finds, however, that Mr. Douglas still has at least three qualifying convictions, so his sentence remains lawful and his motion must be denied.

### I.  FACTUAL BACKGROUND

In October 2012, Mr. Douglas drew the scrutiny of law enforcement officers for dealing drugs and for running a prostitution ring. Officers executed a search warrant at his home, where they found a loaded shotgun, among other items. Mr. Douglas was a felon, and in fact had an extensive criminal history, making his possession of the shotgun unlawful. He was charged and pled guilty to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the Presentence Report found that Mr. Douglas had 23 criminal history points, including five convictions for serious drug offenses or violent felonies under the Armed Career

Criminal Act. Those included: (1) a 1993 juvenile adjudication for robbery; (2) a 1996 conviction for dealing in cocaine; (3) 2006 convictions for criminal confinement and battery resulting in serious bodily injury, committed in 2003; (4) a 2004 conviction for residential entry; and (5) a 2006 conviction for battery resulting in serious bodily injury, committed in 2005.

Mr. Douglas agreed that his conviction for dealing cocaine was a serious drug offense and that his conviction for residential entry was a violent felony pursuant to the residual clause, but he objected to the classification of the remaining offenses. The Court sustained his objection as to the juvenile adjudication for robbery, finding that the government had not provided suitable judicial records to establish that the offense involved the use of a firearm, as is required for juvenile offenses. The Court overruled the other objections, though, finding that criminal confinement qualified as a violent felony under the residual clause, and that battery resulting in serious bodily injury qualified as a violent felony under the elements clause. Mr. Douglas thus had enough qualifying convictions to be sentenced under the Armed Career Criminal Act, which markedly increased the statutory penalties and advisory guideline range for his offense. The Court imposed a sentence accordingly. Mr. Douglas did not appeal, but he has now filed a motion under § 2255, which has been fully briefed.

## II. STANDARD OF REVIEW

Section 2255(a) of Title 28 provides that a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The Seventh Circuit has recognized that § 2255 relief is appropriate only for "an error of law that is jurisdictional, constitutional, or constitutes a

2

fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). Further, a "Section 2255 motion is neither a recapitulation of nor a substitute for a direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *Bousley v. United States*, 523 U.S. 614, 621 (1998) (stating that habeas review "will not be allowed to do service for an appeal"). Relief under § 2255 is extraordinary because it seeks to reopen the criminal process to a person who has already had an opportunity of full process. *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (citing *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006)).

### III. DISCUSSION

Mr. Douglas asks that his sentence be vacated in light of *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), which held that a sentence imposed based on the residual clause of the Armed Career Criminal Act violates a defendant's constitutional right to due process. The Supreme Court declared in *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016), that *Johnson* is retroactive, so Mr. Douglas is entitled to a resentencing if he can establish that, without the residual clause, he no longer has at least three convictions for serious drug offenses or violent felonies. The government has expressly waived any procedural defenses to this motion, so the Court proceeds to the merits of Mr. Douglas' claim.

A defendant who unlawfully possesses a firearm typically faces a term of imprisonment of up to 10 years. 18 U.S.C. § 924(a)(2). The Armed Career Criminal Act increases those penalties to a mandatory minimum of 15 years and a maximum of life for defendants with three prior convictions for serious drug offenses or violent felonies. 18 U.S.C. § 924(e)(1). The statute defines the term "violent felony" as:

any crime punishable by imprisonment for a term exceeding one year . . . that—

3

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B). In *Johnson*, 135 S. Ct. at 2560, the Supreme Court held that the "residual clause" of this definition—the portion that defines a violent felony as an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another"—is so vague as to violate the Constitution's guarantee of due process, so it struck that clause. However, *Johnson* did not address or alter the enumerated offenses—burglary, arson, extortion, and offenses involving the use of explosives—or the "elements clause," which applies to offenses that have "as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* at 2563. Thus, a sentence under the Armed Career Criminal Act is still valid if a defendant has three convictions that qualify as serious drug offenses or that qualify as violent felonies under the elements clause or through the enumerated offenses.

The parties agree that Mr. Douglas has at least one qualifying conviction: a 1996 conviction for dealing cocaine, a serious drug offense. They further agree that one of his previously-qualifying convictions no longer qualifies: a 2004 conviction for residential entry, which constituted a violent felony only under the residual clause. They dispute, however, whether Mr. Douglas' remaining convictions—a juvenile adjudication for robbery, a conviction for criminal confinement while armed with a deadly weapon, and two convictions for battery resulting in serious bodily injury—constitute violent felonies under the elements clause. For the reasons explained below, the Court finds that Mr. Douglas' convictions for battery resulting in serious bodily injury constitute violent felonies even after *Johnson*, so Mr. Douglas has at least

three qualifying convictions. The Court thus does not consider whether the remaining convictions constitute violent felonies.

Mr. Douglas has two prior convictions for Class C felony battery, in violation of Indiana Code § 35-42-2-1. Under that statute, "A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor." Ind. Code § 35-42-2-1(a).[1] However, that offense becomes a Class C felony "if it results in serious bodily injury to any other person or if it is committed by means of a deadly weapon." *Id.* § 35-42-2-1(a)(3). The charging documents for Mr. Douglas' convictions reveal that his offenses were Class C felonies under the "serious bodily injury" prong.[2] [DE 15 ¶ 49, 62]. Indiana law defines "serious bodily injury" as "bodily injury that creates a substantial risk of death or that causes (1) serious permanent disfigurement; (2) unconsciousness; (3) extreme pain; (4) permanent or protracted loss or impairment of the function of a bodily member or organ; or (5) loss of a fetus." Ind. Code § 35-41-1-25. The defendant need not intend for such an injury to result, though; only the rude, angry, or insolent touching needs to be knowing or intentional. *Mann v. Indiana*, 895 N.E.2d 119, 124 (Ind. Ct. App. 2008).

This offense would qualify as a violent felony, if at all, under the elements clause, so the Court must determine whether this offense "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B). To

---

[1] The Court cites to the versions of these statutes that were in effect at the time of Mr. Douglas' offenses.

[2] The Court need not consider whether serious bodily injury and the use of a deadly weapon are alternate means or elements, as the Seventh Circuit has held that Class C battery committed by means of a deadly weapon entails at least a threatened use of force. *United States v. Taylor*, 630 F.3d 629, 634 (7th Cir. 2010). Thus, even if the offense is not divisible, it would remain a violent felony as long as battery resulting in serious bodily injury has as an element the use of force, since both alternate means would satisfy the elements clause in that event.

begin with, though, this question has nothing to do with the Supreme Court's 2015 decision in *Johnson*, on which Mr. Douglas' motion depends. The Court found at sentencing that these offenses qualified as violent felonies under the elements clause, and Mr. Douglas now argues that this offense does not have as an element the use of force. But *Johnson* struck only the residual clause, leaving the elements clause unaltered. *Johnson* thus had no effect on whether battery resulting in serious bodily injury constitutes a violent felony under the elements clause, nor has any other intervening decision, so there is no reason to reconsider the Court's previous holding on this issue.

Even if the Court considered the issue anew, it would reach the same result. In classifying offenses under the Armed Career Criminal Act, courts must use a categorical approach, meaning that they may "look[] only to the statutory elements of the offense, not the actual facts underlying the conviction." *United States v. Duncan*, 833 F.3d 751, 754 (7th Cir. 2016). In interpreting the elements clause, the Supreme Court has held that "'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person," as distinguished from the small degree of force that might be involved in an unwelcome yet harmless touching. *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010). Thus, the fact that this offense requires an intentional touching in a rude, insolent, or angry manner does not itself mean that this offense has as an element the use of force. *Flores v. Ashcroft*, 350 F.3d 666, 672 (7th Cir. 2003). The question therefore becomes whether the additional requirement that the touching result in serious bodily injury means that the offense must be committed with the use of at least an amount of force capable of causing pain or injury.

Though there are few opinions addressing this specific offense, each court to have considered this question has held that Indiana battery resulting in serious bodily injury satisfies

the elements clause. The Seventh Circuit expressly addressed this issue in *United States v. Davis*, 545 F. App'x 513, 516 (7th Cir. 2013), holding that battery resulting in serious bodily injury is a crime of violence under the elements clause of 18 U.S.C. § 16(a), which parallels the elements clause of § 924(e). In fact, the court noted that "it would be pointless" for the defendant to argue otherwise, so it granted the defense attorney's motion to withdraw and dismissed the appeal. *Davis*, 545 F. App'x at 516. The order was issued as a non-precedential order, so it is not dispositive here, but its result is still instructive. In addition, a district court in Minnesota considered this same question in *Talbott v. Fisher*, reaching the same result: "In the 'ordinary case,' the level of force that must be used to produce the type of serious bodily injury required by the Indiana statute must be violent force, i.e., 'force capable of causing physical pain or injury to another person.'" No. 10-1553, 2011 WL 2112445 (D. Minn. Apr. 5, 2011) (quoting *Curtis Johnson*, 559 U.S. at 140), *report and recommendation adopted*, 2011 WL 2112437 (May 27, 2011). The *Talbott* court's analysis was particularly thorough and persuasive, and the Court concurs with its reasoning. *See also United States v. Lawrence*, 627 F.3d 1281 (9th Cir. 2010) (holding that assault resulting in substantial bodily harm under Washington law constitutes a violent felony under the elements clause)

In arguing to the contrary, Mr. Douglas relies heavily on the Seventh Circuit's opinion in *Flores*, 350 F.3d 666, which considered a conviction for a misdemeanor battery resulting in "bodily injury" under Indiana law, and found that it did not satisfy the elements clause. Unlike "serious bodily injury," which requires a substantial risk of death or another serious or permanent injury, as described above, "bodily injury" means "any impairment of physical condition, including physical pain." Ind. Code § 35-41-1-4. To establish "bodily injury," "a bruise suffices, as does any physical pain even without trauma." *Flores*, 350 F.3d at 670. *Flores*

7

thus noted that a person could commit battery resulting in "bodily injury" by throwing a paper airplane that inflicts a paper cut, throwing a snowball that causes a yelp of pain, or squeezing an arm and causing a bruise, which the court said would be difficult to describe as "violent." *Id.* The court also emphasized that the injury itself need not be intended, making the offense less blameworthy and less deserving of the label "violent" felony. *Id.* at 671. The court concluded that the term "force" in the elements clause should mean force that is "violent in nature—the sort that is intended to cause bodily injury, or at a minimum likely to do so." *Id.* at 672. Because Class A misdemeanor battery resulting in "bodily injury" does not meet that standard, *Flores* held that it does not have as an element the use of force.

Mr. Douglas' offenses—Class C felony battery resulting in "serious bodily injury"—are similar to the offense in *Flores* in one respect, which is that a defendant need not intend to cause the resulting injury. *Mann*, 895 N.E.2d at 124. That distinguishes these offenses from similar offenses under Illinois and Wisconsin law that involve an intentional infliction of injury, which the Seventh Circuit has repeatedly held require the use of force. *E.g.*, *United States v. Waters*, 823 F.3d 1062 (7th Cir. 2016). Mr. Douglas' offenses differ from *Flores*, however, in that the severity of the injury required for his offenses is much greater than the offense in *Flores*. Whereas battery resulting in "bodily injury" could be committed by throwing a snowball that causes a "yelp of pain," *Flores*, 350 F.3d at 670, the snowball would have to cause unconsciousness, extreme pain, or a similarly serious injury for the offense to constitute battery resulting in "serious bodily injury." And instead of the mere bruise that results from a "squeeze of the arm," which could constitute battery resulting in "bodily injury," *id.*, the squeeze would have to cause serious permanent disfigurement or a permanent or protracted loss or impairment of that arm to constitute battery resulting in "serious bodily injury." The injuries themselves need

not be intended, but battery still requires an intentional touching, and an intentional touching that results in such serious injuries logically entails at least enough force to be capable of causing an injury or pain. Thus, the fact that the offense in *Flores* requiring only "bodily injury" is not a "violent" felony does not mean that Mr. Douglas' battery resulting in "serious bodily injury" is not, either. *See Flores*, 350 F.3d at 669 ("[B]oth touching and injury have a logical relation to the 'use of physical force' . . . ."); *see also United States v. Castleman*, 134 S. Ct. 1405, 1416–17 (2014) (Scalia, J., concurring) ("[I]t is impossible to cause bodily injury without using force 'capable of' producing that result).

Mr. Douglas briefly argues that it is actually possible to commit this offense and cause such a result without using violent force. He does not cite to any case in which a defendant was convicted of battery resulting in serious bodily injury without having used at least a degree of force capable of causing pain or injury, though. To the contrary, the decisions addressing such convictions all involve forceful, violent conduct.[3] Instead, Mr. Douglas offers a hypothetical that

---

[3] *E.g.*, *Whitlow v. Indiana*, 901 N.E.2d 659, 661–62 (Ind. Ct. App. 2009) (the defendant repeatedly struck the victim with a belt, causing severe pain and leaving marks on her body); *Buckner v. Indiana*, 857 N.E.2d 1011, 1018 (Ind. Ct. App. 2006) (the defendant repeatedly struck the victim with his hand and fist, causing severe pain and leaving marks on her body); *Sutton v. Indiana*, 714 N.E.2d 694, 696 (Ind. Ct. App. 1999) (the defendant struck the victim twice in the face with an open hand, causing a large contusion to the victim's temple and a swollen knot, plus vision problems and a migraine-like headache that lasted for one to two weeks); *Hollowell v. Indiana*, 707 N.E.2d 1014, 1010–21 (Ind. Ct. App. 1999) (the defendant stabbed the victim in the side, causing internal bleeding, a kidney laceration, and a four-centimeter stab wound requiring emergency surgery); *Dausch v. Indiana*, 616 N.E.2d 13, 15–16 (Ind. 1993) (the defendant beat the victim with his fists over the course of multiple hours, causing the victim to suffer "a broken nose; swollen shut eyes; and lacerations and bruises to her face, neck, chest, and extremities, with over 20 sutures required for her nose and head injuries"); *Schweitzer v. Indiana*, 552 N.E.2d 454, 458 (Ind. 1990) (the defendant shot the victim in the arm, causing pain greater than the victim had ever experienced); *Judy v. Indiana*, 470 N.E.2d 380, 383 (Ind. Ct. App. 1984) (the defendant beat the victim with a cue stick and kicked him continuously for from three to five minutes, breaking the victim's leg in three places and leaving him with a limp); *see also Davis v. Indiana*, 813 N.E.2d 1176 (Ind. 2004) (overturning a criminal recklessness conviction due to insufficient evidence of serious bodily injury, even though the defendant pushed the victim onto

an individual could commit battery resulting in serious bodily injury by intentionally poking a victim in the chest, causing the individual to step back and fall over a curb, hitting their head on the ground.[4] As the Seventh Circuit recently reiterated, though, "in 'applying the categorical approach, we are concerned with the ordinary case, not fringe possibilities.'" *United States v. Duncan*, 833 F.3d 751, 757–58 (7th Cir. 2016) (quoting *United States v. Taylor*, 630 F.3d 629, 634 (7th Cir. 2010)); *see also James v. United States*, 550 U.S. 192, 208 (2007) (categorical approach does not require that every conceivable factual offense qualify), *overruled on other grounds by Johnson*, 135 S. Ct. 2551; *United States v. Woods*, 576 F.3d 400, 404 (7th Cir. 2009).

For example, the court in *Duncan* acknowledged that "some extraordinary set of circumstances could arise in which a defendant could be guilty of robbery by placing someone in fear of bodily injury *without* threatening physical force." 833 F.3d at 757. It nonetheless found that the offense still satisfied the elements clause, as "such circumstances would be outliers, to put it mildly."[5] *Id.* Likewise, the Seventh Circuit found in *Taylor* that Indiana battery committed by means of a deadly weapon satisfied the elements clause, as it would entail at least a threatened use of force. 630 F.3d at 634. The defendant had argued that "there are ways to touch someone in a rude, insolent, or angry manner using a deadly weapon that do *not* necessarily involve the use, attempted use, or threatened use of force," but the court dismissed that argument: "While there

---

the street and, when she attempted to get up, punched her in the mouth, causing the victim to have a swollen, lacerated lip, an abrasion to the knee, and a broken pinky finger). Mr. Douglas' own convictions for battery resulting in serious bodily injury are no exception.

[4] Of course, that would not rise to the level of serious bodily injury unless the victim was knocked unconscious or suffered extreme pain.

[5] Mr. Douglas also cites *Duncan* for the proposition that battery cannot be transformed into a crime of violence "with the addition of simple bodily injury." But as just discussed, the Class C felony battery of which Mr. Douglas was convicted does not involve "simple bodily injury"; it requires serious bodily injury.

may be hypothetical situations where this might be true (one involving utensils at a particularly contentious Thanksgiving dinner came up during oral argument), such possibilities are outliers." *Id.*

Thus, it is not enough for Mr. Douglas to hypothesize about a forceless touching that sets off a Rube Goldberg that happens to result in a serious bodily injury; he must show that there is a realistic chance that the offense would actually be applied to such a situation. *See Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007) ("[T]o find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language. It requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime."). If there has ever been a conviction for battery resulting in serious bodily injury that did not involve an intentional use of force capable of causing physical injury or pain, Mr. Douglas has not cited it, and it would surely be an outlier. Simply put, knowingly or intentionally touching another person in a rude, insolent, or angry manner, thereby causing serious bodily injury, will entail an intentional use of force capable of causing physical pain or injury in all but the most exceptional circumstances.[6]

Therefore, the Court finds that battery resulting in serious bodily injury under Indiana law has as an element the use of force and qualifies as a violent felony. Mr. Douglas' two convictions for that offense, along with his conviction for a serious drug offense, mean that he still has at

---

[6] Mr. Douglas criticizes the government for referring to this offense as battery "causing" serious bodily injury, since the offense is actually defined as battery that "results" in serious bodily injury. Mr. Douglas correctly quotes the statute, but the Court fails to see the difference. The serious bodily injury must result from the rude, insolent, or angry touching, so it is fair to say that the touching causes the injury (even if, as Mr. Douglas hypothesizes, it could happen indirectly).

least three qualifying convictions under the Armed Career Criminal Act, so his sentence is lawful even after *Johnson*. His motion under § 2255 must accordingly be denied.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)). Here, the Court finds that the issues presented in Mr. Douglas' motion are adequate to deserve encouragement to proceed further. The Seventh Circuit has not yet held in a precedential opinion whether an Indiana conviction for battery resulting in serious bodily injury constitutes a violent felony, and *Flores* presents a reasonable basis to argue that it does not. Accordingly, the Court grants Mr. Douglas a certificate of appealability as to whether his sentence under the Armed Career Criminal Act is unlawful in light of *Johnson*.

The Court advises Mr. Douglas that Rule 4(a) of the Federal Rules of Appellate Procedure governs the time to appeal an order entered under the rules governing § 2255 proceedings. *See* Rule 11(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Under Rule 4(a), when the United States is a party in a civil case, any notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered. Fed. R. App. P. 4(a); *Guyton v. United States*, 453 F.3d 425, 427 (7th Cir. 2006) (stating

that "the time to contest the erroneous denial of [the defendant's] first § 2255 motion was within 60 days of the decision").

## V.  CONCLUSION

Mr. Douglas' motion to vacate his sentence under § 2255 is DENIED. However, the Court GRANTS a certificate of appealability on the question of whether Mr. Douglas' sentence under the Armed Career Criminal Act is lawful in light of *Johnson*.

SO ORDERED.

ENTERED:  December 21, 2016

/s/ JON E. DEGUILIO
Judge
United States District Court